**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| RICHARD D. CLAY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 98-8006-CV-DW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Pending before the Court is the Petitioner's motion to authorize attorney fees and expenses for representation in ancillary proceeding (Doc. 71). Counsel for the Petitioner, Jennifer Herndon ("Herndon") and Elizabeth Unger Carlyle ("Carlyle") (collectively referred to as "counsel"), move for the authorization of attorney fees and other expenses to represent the Petitioner in his Missouri executive clemency proceedings.

On January 26, 1999, the Court appointed Herndon and Carlyle to prepare and pursue Petitioner's 28 U.S.C. § 2254 habeas petition. See Doc. 2. The Court ultimately granted the Petitioner's habeas petition, although the Eighth Circuit reversed that ruling on May 17, 2004. Clay v. Bowersox, 367 F.3d 993 (8th Cir. 2004). On May 16, 2005, the United States Supreme Court denied the Petitioner's writ of certiorari. The pending motion states that the State of Missouri will now request that a date of execution be set, and that the Missouri Supreme Court will then set a date of execution.

The federal statute under which Herndon and Carlyle were appointed states that "each attorney so appointed shall represent the defendant throughout . . . proceedings for executive or other clemency as may be available to the defendant." 21 U.S.C. § 848(q)(8). The Petitioner's

request for habeas relief was not frivolous, and Missouri law would provide no compensation for Herndon and Carlyle to represent Petitioner in clemency proceedings. Under these circumstances, the Court will GRANT the pending motion to authorize the payment of attorney fees. See Hill v. Lockhart, 992 F.2d 801, 803 (8th Cir. 1993) (authorizing attorney compensation under 21 U.S.C. § 848(q) for clemency proceedings where the district court is satisfied "first, that the request is made as part of a non-frivolous federal habeas corpus proceeding, and second, that state law provides no avenue to obtain compensation for these services").

The Court, however, is not issuing a blank check to Herndon and Carlyle. First, pursuant to 21 U.S.C. § 848(q)(10)(A), the Court sets the rate of compensation for Herndon and Carlyle at $125.00 per hour for each attorney. Second, and absent good cause shown, the Court will only reimburse counsel up to $3,500.00 for their combined time. Moreover, pursuant to 21 U.S.C. § 848(q)(9), counsel must obtain prior approval from the Court for any "investigative, expert, or other services" that are needed to pursue the Petitioner's clemency proceedings.

Finally, the Court will only reimburse counsel for their time and expenses (such as conducting legal research) spent formulating arguments *from the existing record*.[1] For example, counsel will not be reimbursed for the retention or consultation of new experts, or for additional investigation. There is no reason to re-try this action, as the record contains far enough information for counsel to pursue Petitioner's clemency proceedings. Of course, counsel may pursue new legal theories or other arguments not found in the record, but the Court will not

---

[1] The impetus for this condition of reimbursement is necessitated by comments found in the pending motion. These comments indicate that counsel intend on re-litigating this action once again. For example, the motion states that "it will be necessary to provide witness affidavits, to consult with expert witnesses, and to perform additional investigation which will involve out-of-pocket expenses. Other ancillary litigation may be necessary to obtain information or other legal rulings relevant to the clemency process." See Doc. 71, at 6.

2

subsidize such efforts.

For the following reasons, the motion to authorize attorney fees and expenses for representation (Doc. 71) is GRANTED; it is further

ORDERED that the rate of compensation for Herndon and Carlyle is set at $125.00 per hour for each attorney; it is further

ORDERED that Herndon and Carlyle will only be reimbursed for their time and expenses spent formulating arguments from the existing record; it is further

ORDERED that the Court will reimburse Herndon and Carlyle up to $3,500 for time expended to pursue Petitioner's clemency proceedings.

SO ORDERED.


                                        /s/ DEAN WHIPPLE
                                           Dean Whipple
                                        United States District Judge

Date:  July 11, 2005